UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1  MICHAEL ANGELO,
D-2  HASSAN KAMAL FAYAD,
D-3  MIRNA KAMAL FAYAD
     a/k/a "MYRNA KAMAL FAYAD",
D-4  CORY JUSTIN MANN,
D-5  THOMAS REED QUARTZ, and
D-6  ROSINA ANGELO
     a/k/a "ROSINA CARUVANA",

    Defendants.

Case No. 2:22-cr-20188
Hon. Matthew F. Leitman
Mag. Judge Curtis Ivy

## DEFENDANTS' JOINT MOTION TO EXCLUDE EVIDENCE OR IN THE ALTERNATIVE FOR SEVERANCE

Now Comes Defendants by and through their respective counsel, and for Defendants' Joint Motion to Exclude Evidence pursuant to *Fed. R. Evid.* 403 or 404(b), or in the Alternative for Severance under *Fed. R. Crim. P.* 14; they rely on the Brief in Support attached hereto.

Pursuant to Local Rule 7.1, Defense Counsel sought concurrence regarding this matter on March 1, 2024, wherein movants explained the nature of the motion

or request and its legal basis and requested, but did not obtain concurrence in the

relief sought.

Respectfully Submitted,

 /s/ William L. Thompson
Eric M. Nemeth (P42925)
William L. Thompson (P80123)
*Counsel for Cory Mann*
480 Pierce Street, Ste. 300
Birmingham, MI  48009
(313)481-7318
emnemeth@varnumlaw.com
wlthompson@varnumlaw.com

 /s/ R. Michael Bullotta
R. Michael Bullotta (P85866)
*Counsel for Michael Angelo*
615 Griswold Street, Ste. 1620
Detroit, MI  4826
(313) 400-5776
michael@bullottalaw.com

 /s/ James W. Amberg
James W. Amberg (P68564)
*Counsel for Hassan Kamal Fayad*
32121 Woodward Ave., Ste. PH
Suite 305
Royal Oak, MI  48073
(248) 681-6255
jamberg@amberglaw.net

 /s/ Kimberly W. Stout
Kimberly W. Stout (P38588)
*Counsel for Mirna Kamal Fayad*
370 East Maple Rd., Third Floor
Birmingham, MI  48009
(248) 258-3181
Wadesmom1@aol.com

 /s/ John R. Minock
John R. Minock (P24626)
*Counsel for Thomas Reed Quartz*
339 E. Liberty Street, Ste. 200
Ann Arbor, MI  48104
(734) 668-2200
jminock@cramerminock.com

 /s/ Patrick J. Hurford
Patrick J. Hurford (P82903)
*Counsel for Rosina Angelo*
645 Griswold St., Ste. 1717
Detroit, MI  48226
(313) 938-0693
patrick@hurford.law

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1  MICHAEL ANGELO,
D-2  HASSAN KAMAL FAYAD,
D-3  MIRNA KAMAL FAYAD
      a/k/a "MYRNA KAMAL FAYAD",
D-4  CORY JUSTIN MANN,
D-5  THOMAS REED QUARTZ,
and
D-6  ROSINA ANGELO
      a/k/a "ROSINA CARUVANA",

    Defendants.

Case No. 2:22-cr-20188
Hon. Matthew F. Leitman
Mag. Judge Curtis Ivy

**<u>BRIEF IN SUPPORT OF</u>**
**<u>DEFENDANTS' JOINT MOTION TO EXCLUDE EVIDENCE</u>**
**<u>OR IN THE ALTERNATIVE FOR SEVERANCE</u>**

i

# TABLE OF AUTHORITIES

**Cases**

*Humana, Inc. v. Shook*,

    No. 85–5478, 1986 U.S.App. LEXIS 27825, *6, 1986 WL 17218 (6th Cir. Jun. 3, 1986). 11

*Kotteakos v. United States*,

    328 U.S. 750, 774–775 (1946) ........................................................................................ 15

*United States v. Berger*,

    No. CR 00-00994 RMT, 2003 WL 27383360, at *1 (C.D. Cal. May 19, 2003) ................ 11

*United States v. Hitt*,

    981 F.2d 422, 424 (9th Cir.1992) .................................................................................... 12

*United States v. Schrock*,

    855 F.2d 327, 335 (6th Cir. 1988) ................................................................................... 11

*United States v. Seago*,

    930 F.2d 482, 494 (6th Cir.1992) ...................................................................................... 7

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,

    No. SACV 12-00329 AG, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014)................ 11

*Zafiro v. United States*,

    506 U.S. 534, 539 (1993) ............................................................................................ 9, 15

**Statutes**

21 U.S.C. § 844 .................................................................................................................... 13

**Rules**

*Fed. R. Crim. P.* 14 ............................................................................................................... 8

*Fed. R. Crim. P.* 14(a) ..................................................................................................... 8, 14

*Fed. R. Evid.* 401 .............................................................................................................. 7, 8

*Fed. R. Evid. 403*.................................................................................................................... 8

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ..................................................................................iv

**II. CONTROLLING AND MOST APPROPRIATE AUTHORITIES** .............v

I.     INTRODUCTION ...............................................................................1

II.    PROCEDURAL HISTORY ................................................................2

III.   BACKGROUND ................................................................................5

IV.   LAW & ARGUMENT ........................................................................7

       A.    Legal Standard To Be Applied...............................................7

       B.    Pursuant To Prior Precedent, The Court Should Prohibit The Introduction Of Stolen Police Reports Evidence And Testimony In Relation To The Tax Counts...........................................9

       C.    Independent Of Its Prior Rulings, The Court Should Considering Barring Inflammatory Reference To Fraudulent Activity Of Stolen Police Reports During A Trial On The Defendants' Tax Counts................................................................................10

       D.    In The Alternative, The Defendants Move To Sever Mr. Mann From Count Nine Of The Superseding Indictment.............................14

V.     CONCLUSION.................................................................................18

## I.  CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Government should be prohibited of introducing any evidence consisting of alleged violations of Michigan State law.

   Defendants:          YES

   Government:          NO

2. Whether the Government should be prohibited of introducing any evidence against the Defendants, relative to Counts Seven through Twelve, of an alleged fraudulent "scheme" to violate Michigan State law by engaging in prohibited marketing practices.

   Defendants:          YES

   Government:          NO

3. Whether the Government and its witnesses should be prohibited from referencing State of Michigan UD-10 Crash Reports (i.e., police reports).

   Defendants:          YES

   Government:          NO

4. In the alternative, should Defendant Cory Mann be severed and tried separately from the other Count Nine Defendants.

   Defendants:          YES

   Government:          NO

## II.  CONTROLLING AND MOST APPROPRIATE AUTHORITIES

For the proposition that the Government should be prohibited from referencing violations of state law, illicit marketing practices, and police reports, see:

*Fed. R. Evid.* 403; *Fed. R. Evid. 404(b)*; *United States v. Kemper*, 503 F.2d 327 (6th Cir. 1974); *United States v. Hitt*, 981 F.2d 422 (9th Cir. 1992).

For the proposition that severance should be granted, see: *Fed. R. Crim. P.* 14(a); *Kotteakos v. United States*, 328 U.S. 750 (1946).

## I.    INTRODUCTION

Through its never-ending wave of superseding indictments, the Government is attempting to turn this run-of-the-mill tax case into a dramatic production of the "stolen police report saga." Indeed, after filing the initial Indictment on April 6, 2022 - which contained no facts about so-called illegal marketing practices tied to the tax counts - more than 20 months later, the Government filed its Superseding Indictment and added over eight pages of salacious allegations related to so-called "stolen police reports" in Count Nine, the only Count where Defendant Cory J. Mann ("Mr. Mann") has been implicated.[1]

As the Court is aware, the allegations of "stolen police reports" are tied to the sister case styled *U.S. v. John Angelo, et al.*, Case No. 20-20599 (the "2020 Case"); wherein, the Government dismissed the wire fraud charges - *with prejudice* - against the only overlapping impacted Defendant, Mr. Mann. However, only two months later, it appears as though the Government is "reintroducing" the substance of the wire fraud charges vis-à-vis the Superseding Indictment in the instant matter. This amounts to nothing more than an attempt by the Government to color this case with

---

[1] Another apparent reason the Government obtained a Superseding Indictment (apart from adding inflammatory facts not relevant to the tax charges) was to fix the constitutional errors made in obtaining the first Indictment. Namely, the Government violated the Defendants' Fifth Amendment right to be indicted by an *independent* grand jury in obtaining the initial Indictment. This violation is addressed in more detail in Defendant Michael Angelo's Motion for the Production of Grand Jury Materials, filed *under seal* in ECF No. 180.

salacious evidence from the 2020 Case that not only prejudices Mr. Mann, but the other Defendants as well.

As a result, this Court should follow its prior precedent and issue a pre-trial ruling that no evidence relating to stolen police reports, an illicit marketing scheme, wire fraud, or violations of state law will be admitted during the joint trial on tax violation Counts Seven through Twelve (the "Tax Counts").[2] Independently, if the Court wishes to depart from its prior rulings, then it should considering barring such evidence under *Fed. R. Evid.* 403 or 404(b).

Alternatively, if the Court does not bar this evidence, the Defendants seek severance of Mr. Mann from Count Nine of the First Superseding Indictment. As the basis for this, the Defendants observe that Count Nine pleads extremely prejudicial facts that disparately impact many of the Defendants, thus, depriving them of their constitutional rights to a fair trial.

## II.     PROCEDURAL HISTORY

On April 6, 2022, the Government filed an Indictment against the Defendants. *See* ECF. No. 1. The original Indictment consisted of: (i) twenty-one counts of wire fraud against Defendants Hassan Fayad, Michael Angelo, and Mr. Mann; (ii) a single count of aggravated identity theft against Defendant Hassan Fayad; (iii) a count

---

[2] *See* Case No. 20-20599, at ECF Nos. 313 and 392, attached hereto as **Exhibit 3** and **Exhibit 4**, respectfully.

2

involving a conspiracy to defraud the United States naming Defendants Michael Angelo, Rosina Angelo, and Thomas Quartz; (iv) a count involving a conspiracy to defraud the United States naming Defendants Michael Angelo, Hassan Fayad, and Mirna Fayad; (v) a count involving conspiracy to defraud the United States naming Michael Angelo, Hassan Fayad, Mirna Fayad, and Mr. Mann; and (vi) two counts against Defendant Michael Angelo for tax evasion.

Since the original Indictment was issued, the framework of the Government's charges has changed substantially. First, on September 26, 2023, the Court issued an Order based on the parties' Stipulation severing the "wire fraud counts" from the "tax counts," which essentially bifurcated this case into two separate topics for trial (the "Severance Order"). *See* ECF No. 184. At that time, the primary consideration for the Defendants to stipulate to severance was a streamlining of the charges which would delineate between allegations of fraud in one trial and tax violations in a second trial.

For the next major change, on October 23, 2023, the Government moved for dismissal of the wire fraud charges against Defendants Michael Angelo and Mr. Mann. These charges were later dismissed by the Court, with prejudice. *See* ECF No. 196, *Order Granting Motion to Dismiss*.

The next iteration of this case happened on December 6, 2023, more than 20 months after the original Indictment, when the Government issued a Superseding

Indictment. *See ECF No.* 201. The Superseding Indictment charges Hassan Fayad with wire fraud (Counts 1-5) and aggravated identity theft (Count 6). *Id.* The Superseding Indictment also charges the following Defendants in <u>separate</u> conspiracies to defraud the United States in violation of 18 U.S.C. § 371:

> Count Seven - Michael Angelo, Thomas Quartz, and Rosina Angelo
> Count Eight - Michael Angelo, Hassan Fayad, Mirna Fayad
> Count Nine - Michael Angelo, Hassan Fayad, Mirna Fayad, and Cory Mann

The final charges in the Superseding Indictment are against Defendant Hassan Fayad for aiding and assisting in the preparation of a false tax return (Count 10) and Defendant Michael Angelo for tax evasion (Counts 11 and 12). *Id.*

Pursuant to the Court's Severance Order, on January 17, 2024, Defendant Hassan Fayad proceeded to trial on the "wire fraud counts," and one count of aggravated identity theft. After two days of witness testimony the Government rested its case, and the Court issued a directed verdict of acquittal on all wire fraud counts and the count of aggravated identity theft was sent to the jury. On January 22, 2024, the jury returned a guilty verdict against Defendant Hassan Fayad on one count of aggravated identity theft. *See* ECF No. 240. Subsequently, defense counsel for Mr. Fayad renewed a motion for a directed verdict under *Fed. R. Crim. P.* 29 as to the count of aggravated identity theft, and this matter is still pending before the Court.

Currently, a jury trial is scheduled to begin on the Tax Counts (i.e., Counts 7-12) on November 6, 2024. *See* ECF No. 242. By way of Stipulated Order, the Court

extended the deadline for Defendants to seek severance of the Tax Counts until March 4, 2024. *See* ECF No. 246. Prior to the Superseding Indictment being issued, the Defendants agreed to severance of the Tax Counts, largely premised on the fact that the tax charges all appeared to be "heartland" instances of conspiracy to commit tax fraud, and related tax violations. Since the issuance of the Superseding Indictment, and the inclusion of allegations linking the Tax Counts to "DPD Crash Reports being obtained by fraud," the Defendants anticipate that the Government will seek to introduce substantial amounts of evidence pertaining to so-called illicit marketing practices in an underhanded attempt to persuade the jury that tax violations may have occurred. *See* ECF No. 261, *Superseding Indictment*, at ¶71.

It is specifically the Defendants' position that if this evidence is kept out, as it has been in other similarly severed tax counts, then the Defendants will be in a position to proceed to trial jointly on November 6, 2024. However, if this evidence is allowed to be presented to the jury, the Defendants alternatively seek to sever Mr. Mann from Count Nine.

## III.   BACKGROUND

The real focus of Defendants' Motion is with respect to Count Nine of the Superseding Indictment. As originally stated in the Indictment with respect to the "Manner and Means of the Conspiracy," Count Nine (*then Count 24*) contained

allegations that Defendants Michael Angelo, Hassan Fayad, Mirna Fayad, and Mr. Mann engaged in the following activities:

> a. Transfer ownership of entities without documenting sale prices paid in order to conceal the gain, loss, and tax effect of the transaction;
>
> b. Disburse funds from and to entities designated by Defendant MICHAEL ANGELO;
>
> c. Provide fraudulent and incomplete financial records to their respective tax return preparers; and
>
> d. File, and cause to be filed, individual and business income tax returns to the IRS that misstated entity ownership interests and underreported taxable income.[3]

More than 20-months later, and immediately after the Government dismissed the conspiracy to commit wire fraud charges against Mr. Mann in the 2020 Case and the wire fraud counts in the instant case, the Government issued the Superseding Indictment, which contained a polar shift in position. In substance, under the "Manner and Means of the Conspiracy" section, Count Nine of the Superseding Indictment added more than eight pages of factual averments, specifically against Mr. Mann. These allegations stem from an alleged conspiracy to commit wire fraud by using ill-gotten DPD Crash Reports. For ease of reference, a redline comparison between the Indictment and Superseding Indictment has been attached hereto as **Exhibit 1**.

---

[3] *See* ECF No. 261, *Superseding Indictment*, at ¶69.

The Court should also be highly suspect of the Government's motives in issuing the Superseding Indictment. As the Court will recall, during an *Enright* hearing pertaining to an alleged conspiracy to commit wire fraud in the 2020 Case, the Court observed "at least from what I've seen now, to say that that evidence is thin is an understatement." *See* **Exhibit 2**, *Excerpt of Enright Hearing Transcript,* at 33:6-7. On the heels of the *Enright* hearing, the Government dismissed the conspiracy to commit wire fraud charges against three of the defendants; Mr. Mann, Brent Sitto, and Michael Daneshvar. Acting *sua sponte*, the Government dismissed the wire fraud charges against Mr. Mann and Defendant Michael Angelo in the instant matter. *See* ECF No. 192. In light of this, however, the Government now appears to be taking a second bite of the apple by trying to obfuscate the conspiracy to commit wire fraud charges back into the pending Tax Counts.

## IV.    LAW & ARGUMENT

### A.    Legal Standard To Be Applied

Courts may exercise discretion when resolving questions of relevancy and the admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir.1992). Generally, evidentiary determinations depend largely upon the court's assessment of the relevance of proffered evidence as well as the extent that any prejudice is created by its admission. Relevant evidence is defined in Federal Rule of Evidence 401, as "evidence having any tendency to make the existence of any fact

7

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See Fed. R. Evid.* 401. Pursuant to Federal Rule of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See Fed. R. Evid.* 403.

Pursuant to *Fed. R. Crim. P.* 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *See Fed. R. Crim. P.* 14(a). Furthermore, "a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Rule 14 permits the court to grant a severance or to "provide whatever other relief justice requires." *Fed. R. Crim. P.* 14. The rule leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge. *Zafiro, 506 U.S. at 540-41, 113 S.Ct. at 939*; *United States v. Odom*, 13 F.3d 949, 958 (6th Cir). The district court's determination in this area is thus entitled

to great deference. *Id*. The decision of whether to sever a trial is committed to the "sound discretion of the district court." *See Zafiro*, 506 U.S. at 541.

**B.     Pursuant To Prior Precedent, The Court Should Prohibit The Introduction Of Stolen Police Reports Evidence And Testimony In Relation To The Tax Counts**

This is not the first time the Court has been tasked with considering many of these issues. Indeed, in the 2020 Case there were numerous Orders entered by the Court - predicated upon hundreds of pages of briefings filed by the parties - which prohibited the Government from referencing violations of Michigan State law and referring to UD-10 Crash Reports as "stolen, illegal, contraband, prohibited," etc. *See* Case No. 22-20599, ECF. No. 313, *Omnibus Order on Motions in Limine*, attached hereto as **Exhibit 3**.  Likewise, the Court has previously issued an Order prohibiting the Government from introducing evidence pertaining to an illicit marketing scheme in the severed tax count trial of Defendants John and Rosina Angelo. *See* Case No. 22-20599, ECF No. 392, *Order on Motion in Limine*, **Exhibit 4** ("The Court also held that the allegations contained in Count One of the Second Superseding Indictment (including the mention of "stolen police reports") shall not be discussed or mentioned during the [tax] trial. Both parties shall instruct their respective witnesses accordingly.")

Since the instant matter is really just an offshoot of the 2020 Case - largely consisting of the same allegations, defendants, witnesses, and evidence - the

9

Defendants in the instant matter request that the Court adopt the same type of evidentiary rulings from the 2020 Case to ensure the fair and efficient administration of justice. Accordingly, the Defendants request for the Court to adopt the proposed order attached hereto as **Exhibit 5**, which incorporates the relevant evidentiary rulings from the 2020 Case, as would be applied towards the Tax Counts.

### C.  Independent Of Its Prior Rulings, The Court Should Considering Barring Inflammatory Reference To Fraudulent Activity Of Stolen Police Reports During A Trial On The Defendants' Tax Counts

While the Defendants do not wish to suggest that the Court must be bound by its prior rulings, Defendants believe *Fed. R. Evid.* 403 and 404(b) would nonetheless provide an independent basis to prohibit evidence of fraudulent activity related to crash reports from being elicited for the Tax Counts. Indeed, these arguments were made at length in the many hundreds of pages of motions and exhibits that were filed in the 2020 Case,[4] but apply equally in the matter at hand.

<u>Unfair Prejudice</u>. "Exclusion under Rule 403 is appropriate only where the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice." *Humana, Inc. v. Shook*, No. 85–5478, 1986 U.S.App. LEXIS

---

[4] *See* Case No. 20-20599, ECF Nos. 239, 240, 241, 250, 261, 262, and 352. As to not inundate the Court with repetitive filings, the arguments raised in these Motions are incorporated herein by reference.

27825, *6, 1986 WL 17218 (6th Cir. Jun. 3, 1986).[5] Additionally, "the evidence must be more than damaging or simply adverse to the opposing party; it must be unfairly prejudicial." *Id*. Unfairly prejudicial evidence is evidence that "tends to suggest decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988).

Adding adjectives before a term that conflate and "taint" the true nature of that item is prejudicial to the nature of evidence. *See e.g., United States v. Berger*, No. CR 00-00994 RMT, 2003 WL 27383360, at *1 (C.D. Cal. May 19, 2003) (granting motion in limine to exclude various pejorative and inaccurate labels for evidence, such as "fraud letter", from trial); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) (granting motion in limine because "[t]here is no probative value in the use of a term with negative connotations to describe Defendant's products or pricing strategy, and the use of the pejorative terms 'knock-off,' 'pirated,' or 'predatory' are therefore unduly prejudicial under FRE 403").

In this matter, constantly referring to Crash Reports as being "stolen," "illegal," "prohibited," or "contraband" will have the outcome of priming a juror to somehow believe that mere possession of Crash Reports is somehow prohibited, thus

---

[5] All unpublished cases are attached hereto as **Exhibit 6.**

creating an improper basis to assess culpability. This does not accurately reflect Michigan Law, which allows for the possession of crash reports, nor does it accurately reflect the facts of the Tax Counts. *See e.g.,* MCL § 257.503; MCL § 750.410. Crash Reports are readily obtainable through numerous sources and possession of them is not prohibited. Moreover, the heartland conduct at issue in the Tax Counts involves filing false or misleading tax returns, which has nothing to do with Crash Reports.

Confusing the Issues and/or Misleading the Jury. "Where the evidence is of very slight (if any) probative value, ... even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992).

In the matter at hand, there is no probative value in the Government introducing evidence of Crash Reports or the Defendants' so-called scheme to violate Michigan Law by engaging in prohibited marketing. The Defendants' tax returns are at issue and those documents speak for themselves. There is no justifiable reason to refer to ancillary Crash Reports or salacious marketing practices that will only have the impact of confusing and prejudicing the jury.

However, there is a genuine risk that if the prosecution is constantly allowed to refer to Crash Reports, or the acts surround those reports, then there will be a propensity for the jury to subjectively find guilt based on this set of salacious details,

rather than what is contained in the Defendants' tax returns. This factor would also have the tendency to massively confuse the issues in this case; because instead of proving a tax conspiracy (*a much different crime*), the strategy employed by the Government suggest that it is seeking "conviction by possession," like it would in a narcotics case or receipt of stolen property case. The later of these cases, however, require a much lower factual burden. *See e.g.,* 21 U.S.C. § 844 ("It shall be unlawful for a person to knowingly or intentionally to possess a controlled substance . . .") Thus, overemphasizing the narrative of "fraudulently obtained crash reports" in this case would have the impact of leading the jury to believe that a conviction is justified based on the mere possession of Crash Reports alone, or the underlying conduct that led to their possession.

Likewise, Defendants would move for exclusion of this evidence under *Fed. R. Crim. P.* 404(b)(1), which prohibits evidence of another crime, wrong, or other act from being introduced to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. *Id.* In this instance, the Government is attempting to introduce evidence from the 2020 Case of an alleged wire fraud, which arises from purported misdemeanor violations of Michigan State law. Problematically, the Government has already dismissed such charges against Mr. Mann with prejudice, and as the Court duly noted, "at least from what I've seen now, to say that that evidence is thin is an understatement." See

**Exhibit 2**, *Excerpt of Enright Hearing Transcript*, at 33:6-7. This is really nothing more than an effort by the Government to "backdoor" evidence of (*so-called*) wrongful acts by Mr. Mann and use that evidence in an improper attempt to prejudice the jury during a trial on the Tax Counts. Accordingly, such evidence should be excluded.

### D. In The Alternative, The Defendants Move To Sever Mr. Mann From Count Nine Of The Superseding Indictment

It is the Defendants' contention that if the evidence so noted above is not kept out of a joint trial on the Tax Counts, then the trial would become unduly prejudicial. Indeed, based on the amendments to the Superseding Indictment, it appears as though the Government intends to introduce substantial evidence of a so-called "prohibited marketing scheme" against Mr. Mann. As the Court knows full well, this is predicated on the wire fraud charges that have already been dismissed against Mr. Mann, with prejudice. Were this evidence allowed to be introduced, it would be prejudicial to the five remaining Defendants; thus severance is sought on this basis.

Pursuant to *Fed. R. Crim. P.* 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *See Fed. R. Crim. P.* 14(a). Rule 14 permits the court to grant a severance or to "provide whatever other relief justice requires." *Fed. R. Crim. P.* 14. The rule leaves the determination of the

14

risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge. *Zafiro, 506 U.S. at 540-41, 113 S.Ct. at 939*; *United States v. Odom*, 13 F.3d 949, 958 (6th Cir). The district court's determination in this area is thus entitled to great deference. *Id*.

The Supreme Court has indicated on numerous occasions that when many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. *See Kotteakos v. United States*, 328 U.S. 750, 774–775 (1946); *see also, Zafiro v. United States*, 506 U.S. 534, 539 (1993) (noting that "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.")

In *Kotteakos*, the U.S. Supreme Court reversed and remanded a case from the Second Circuit Court of Appeals that upheld the conviction of multiple individuals tried under a single conspiracy charge where the evidence at trial showed that multiple and independent conspiracies were present, entailing different degrees of culpability. *Id*. At trial, multiple defendants were convicted of a conspiracy to obtain loans under the National Housing Act by false and fraudulent statements in violation of National Housing Act Secs. 1, 2, 209, 512, 12 U.S.C.A. Secs. 1703, 1715, and 1731. *Id*. Evidence at trial showed that one individual who processed the loans under false pretenses "was the common and key figure in all of the transactions proven."

15

*Id*. at 753. This "key figure" was the common theme to all defendants, but the evidence also showed that there was no agreement amongst the other defendants to operate in a common conspiracy. *Id*. On appeal, Supreme Court recognized that evidence of at least eight separate conspiracies was presented at trial, where there was no overlapping involvement amongst many of the defendants. *Id*. In its holding, the Supreme Court noted that: "[t]he dangers for transference of guilt from one to another across the line separating conspiracies, subconsciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place." *Id*. at 774. This scenario is exactly what the Defendants seek to avoid in this case.

In the instant matter the Government has charged three separate tax conspiracies amongst all six of the named defendants. *See ECF No.* 201. The only Defendant common to all three conspiracies is Michael Angelo. Moreover, the Tax Counts also includes separate charges against Hassan Fayad for aiding and assisting in the preparation of a false tax return (Count 10) and Defendant Michael Angelo for tax evasion (Counts 11 and 12). As it stands, presenting these matters to the jury will already be very challenging. However, the inclusion of what is essentially the "dismissed wire fraud charges" from the 2020 Case tips this matter into an entirely different category of unmanageable.

Indeed, the Government added over eight (8) pages to the Superseding Indictment - just against Mr. Mann - related to facts arising from the dismissed wire

fraud charges. *See* **Exhibit 1**, *Redline of Superseding Indictment*, at ¶¶ 71-87. These
are not facts that the Government asserts against any of the other named Defendants.
*Id.* Moreover, it is clear that the Government intends to introduce evidence of the
dismissed wire fraud charges and the underlying allegations tied to those charges,
see Paragraph 71 for example:

> From in or about November 2014 to in or about January 2018,
> Defendant CORY JUSTIN MANN agreed to pay, or cause entities he
> controlled to pay, Defendants ANTHONY SERENO and JOHN
> ANGELO **a fee in exchange for their agreement to obtain UD-10E
> State of Michigan Traffic Crash Reports generated by the Detroit
> Police Department ("DPD Crash Reports), including DPD Crash
> Reports obtained through fraud, manage the solicitation of
> automobile crash victims living in Michigan for services within
> days of their crash, and cause automobile crash victims to be sent
> to MRI facilities operated by Defendant CORY JUSTIN MANN,
> including Gravity Imaging**. The fee that Defendant CORY JUSTIN
> MANN 43 Case 4:22-cr-20188-MFL-CI ECF No. 201, PageID.2037
> Filed 12/06/23 Page 44 of 79 paid, or caused entities he controlled to
> pay, to Defendants ANTHONY SERENO and JOHN ANGLEO was
> calculated at a rate of approximately $400 per MRI exam performed on
> a crash victim solicited by Defendants ANTHONY SERENO and
> JOHN ANGELO and subsequently directed to MRI facilities operated
> by Defendant CORY JUSTIN MANN, including Gravity Imaging.[6]

As was cautioned in *Kotteakos*, courts should avoid the dangers of the
transference of guilt from one defendant to another across the line of separate
conspiracies. In the matter at hand, the Government now seeks to introduce evidence
consisting of a much larger, and separate conspiracy, which is tied to the use of Crash

---

[6] *Id.* (emphasis added).

Reports. This is an underhanded attempt by the Government to "revive" charges against Mr. Mann that have been dismissed with prejudice and are outside the statute of limitations. In any event, it would amount to a scenario where severance is necessary to prohibit the other named Defendants from being unduly prejudiced.

## V.   CONCLUSION

Based on the forgoing, and when taking into account the overlapping and complex issues involved, the Defendants respectfully request:

a) For the Court to enter the proposed order attached hereto as **Exhibit 5**, which would prevent the Government from introducing evidence of the underlying conspiracy to commit wire fraud and/or wire fraud allegations relative to the Tax Counts;

b) For the Court to alternatively grant the severance of Mr. Mann from Count Nine; or

c) Grant such additional relief as the Court deems appropriate.

Respectfully Submitted,

 /s/ William L. Thompson                              /s/ R. Michael Bullotta
Eric M. Nemeth (P42925)                        R. Michael Bullotta (P85866)
William L. Thompson (P80123)              *Counsel for Michael Angelo*
*Counsel for Cory Mann*                           615 Griswold Street, Ste. 1620
480 Pierce Street, Ste. 300                       Detroit, MI  4826
Birmingham, MI  48009                           (313) 400-5776
(313)481-7318                                           michael@bullottalaw.com
emnemeth@varnumlaw.com
wlthompson@varnumlaw.com

<table>
<tr><td>

*/s/ James W. Amberg*
James W. Amberg (P68564)
*Counsel for Hassan Kamal Fayad*
32121 Woodward Ave., Ste. PH
Suite 305
Royal Oak, MI  48073
(248) 681-6255
jamberg@amberglaw.net

</td><td>

*/s/ Kimberly W. Stout*
Kimberly W. Stout (P38588)
*Counsel for Mirna Kamal Fayad*
370 East Maple Rd., Third Floor
Birmingham, MI  48009
(248) 258-3181
Wadesmom1@aol.com

</td></tr>
<tr><td>

*/s/ John R. Minock*
John R. Minock (P24626)
*Counsel for Thomas Reed Quartz*
339 E. Liberty Street, Ste. 200
Ann Arbor, MI  48104
(734) 668-2200
jminock@cramerminock.com

</td><td>

*/s/ Patrick J. Hurford*
Patrick J. Hurford (P82903)
*Counsel for Rosina Angelo*
645 Griswold St., Ste. 1717
Detroit, MI  48226
(313) 938-0693
patrick@hurford.law

</td></tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date below, I electronically filed DEFENDANTS'

JOINT MOTION TO EXCLUDE EVIDENCE OR IN THE ALTERNATIVE FOR

SEVERANCE and BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION

TO EXCLUDE EVIDENCE OR IN THE ALTERNATIVE FOR SEVERANCE

with the Clerk of the District Court using its CM/ECF System, which then will

electronically notify ECF participants registered to receive notice via the CM/ECF

electronic filing system.

Dated:  March 4, 2024                    /s/*Karri Standish*
                                              Karri Standish

22474115.1

20