UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 MICHAEL ANGELO,
D-2 HASSAN KAMAL FAYAD,
D-3 MIRNA KAMAL FAYAD, and
D-4 CORY JUSTIN MANN,

    Defendants.

Case No. 4:22-CR-20188

Hon. Matthew F. Leitman
United States District Judge

---

**Government's Motion and Brief in Support to Dismiss
Charges Alleged in Count Nine of the Superseding Indictment**

---

    The United States of America, by and through its undersigned attorneys, hereby moves pursuant to Federal Rule of Criminal Procedure 48(a), to dismiss, with prejudice, Count Nine of the Superseding Indictment in this case, charging defendants Cory Justin Mann, Michael Angelo, Hassan Kamal Fayad, and Mirna Kamal Fayad with Conspiracy to Defraud the United States. (ECF No. 201).

BRIEF

The government has determined, pursuant to the Department of Justice *Principals of Federal Prosecution* and based on its review of developments in the matter and consideration of the government's resources and enforcement priorities, that continued prosecution of Count Nine of the Indictment in this case is not warranted.

**ARGUMENT**

Federal Rule of Criminal Procedure 48(a) permits the government, "with leave of court," to "dismiss an indictment, information or complaint." The "leave of court" provision serves "primarily to guard against the prospect that dismissal is part of a scheme of 'prosecutorial harassment' of the defendant" through repeated prosecutions—a prospect not implicated by a motion to dismiss with prejudice. *Rinaldi v. United States*, 434 U.S. 22, 31 (finding an abuse of discretion to refuse to grant a post-conviction motion to dismiss with prejudice); *see In re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (no such concerns where "[t]he government wants to dismiss the civil rights count with prejudice, and that is what [the defendant] wants as well"). Rule 48(a) also "governs the dismissal of one or more

2

counts of an indictment." *United States v. Delagarza*, 650 F.2d 1166, 1167 (10th Cir. 1981).

The Department of Justice has discretion to dismiss charges where appropriate. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). As the Supreme Court has explained, the factors relevant to continuing a prosecution, including "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan," are "particularly ill-suited to judicial review." *Wayte v. United* States, 470 U.S. 598, 607 (1985).

Based on its review of the evidence, evaluation of developments in this matter, and consideration of the government's resources and enforcement priorities, the government has determined that further prosecution of Count Nine of the Indictment is not warranted.

## CONCLUSION

The government respectfully asks this Court for leave to dismiss with prejudice Count Nine of the Superseding Indictment in Case No. 22-CR-20188 (ECF No. 201).

3

Date: June 7, 2024

Respectfully submitted,
STUART M. GOLDBERG
*Acting Deputy Assistant Attorney General*
U.S. Department of Justice,
Tax Division

/s/Mark McDonald
Mark McDonald (VA72198)
Christopher O'Donnell (MA64394)
Trial Attorneys
600 Church Street
Flint, Michigan 48502-1280
(202) 305-2672
Mark.S.McDonald@usdoj.gov

5

## CERTIFICATE OF SERVICE

On June 7, 2024, the government attempted to contact relevant defense counsel identified in the caption above to seek concurrence with the relief sought in this motion, pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, but did not receive unambiguous consent from all defense counsel.

I hereby certify that on June 7, 2024, I caused a copy of the foregoing to be filed on ECF which will electronically deliver copies to counsel of record.

/s/ Mark McDonald
Mark McDonald
Trial Attorney