UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:22-CR-20188 |
| Plaintiff, | Judge: Hon. Matthew F. Ludington |
| v. | |
| MICHAEL ANGELO, et al., | |
| Defendants. | |

**Government's Motion in Limine and Brief in Support to
Admit Certified Business Records and Domestic Public Records Under Seal
Pursuant to Fed. R. Evid. 803(6), 902(1), and 902(11)**

The United States of America (the "government") hereby files the instant motion *in limine* requesting a preliminary pre-trial ruling on the authenticity and reliability of: i) Accounting Strategies, 411 Help, LLC, Bank of America, Black River Wealth Management / National Securities Corporation / National Financial Services Citizens Bank, Ferragamos, HMRF Fund III/Velocity MRS-FUND IV, Huntington Bank, JPMorgan Chase Bank, Michigan Department of Licensing and Regulatory Affairs Michigan Technology Partners, Paramount Accounting Services, PNC Bank, Richard Lemongello LLC, TD Bank, and Wells Fargo Bank; and ii) Certified domestic public records that are signed and under seal provided by the Internal Revenue Service ("IRS"). These exhibits should be admissible, pending a determination of relevance based on witness testimony during trial in this matter.

BRIEF

Trial is scheduled to begin on November 6, 2024. Copies of the relevant exhibits

identified in Attachment A, as well as all Accounting Strategies, 411 Help, LLC, Bank of America, Black River Wealth Management / National Securities Corporation / National Financial Services Citizens Bank, Ferragamos, HMRF Fund III/Velocity MRS-FUND IV, Huntington Bank, JPMorgan Chase Bank, Michigan Department of Licensing and Regulatory Affairs Michigan Technology Partners, Paramount Accounting Services, PNC Bank, Richard Lemongello LLC, TD Bank, and Wells Fargo Bank records in the possession of the government were previously provided to Defendant as marked exhibits, to the extent the complete exhibit was available. Copies of the exhibits identified in Attachment B were provided to defense counsel on approximately August 22, 2022, as draft exhibits in a discovery production.

## ARGUMENT

Pursuant to Federal Rule of Evidence 104(a), the Court has the authority to make preliminary evidentiary determinations regarding admissibility of evidence. The government submits that the above enumerated exhibits, pursuant to Federal Rules of Evidence 803(6), 902(1), and 902(11), are self-authenticating and excepted from the hearsay rule under one or more exceptions to that exclusionary rule. In the event of any objections to admissibility arise based on the certification and affidavit, the government is prepared to address this matter at a pre-trial conference to be scheduled at the convenience of this Court, to avoid the significant burden, expense and time in calling custodial witnesses to testify during trial.

Fed. R. Evid. 104(a) states in part that "[t]he court must decide any preliminary question about whether . . . evidence is admissible. In making preliminary determinations of admissibility, the Court is not bound by the rules of evidence, other

than those relating to privileges. Fed. R. Evid. 104(a); Fed. R. Evid. 1101(d). Accordingly, the Court may base its findings on, among other sources, sworn declarations such as those provided by the relevant records custodians. *See United States v. Matlock*, 415 U.S. 164, 174-75 (1974) (noting the Confrontation Clause is not implicated when the Court makes a preliminary authentication ruling pursuant to Rule 104). Rule 104(a) applies to the Court's determinations of authenticity and foundation under the hearsay exceptions. The Court must base its findings on the preponderance of the evidence. *Bourjaily v. United States*, 483 U.S.171, 175 (1987) (admissibility determinations that hinge on preliminary factual questions must be established by a preponderance of proof).

Certified domestic business records, like the records at issue here, are self-authenticating when accompanied by a certificate consistent with Rule 902(11). Moreover, such records are admissible for the truth of the matters asserted therein if they satisfy the foundational requirements of Rule 803(6), namely that the records: (i) were made at or near the time of business activity by a person with knowledge of the activity or transmitted to a person with such knowledge; (ii) were kept in the course of a regular conducted business; and (iii) were made in the course of a regularly conducted business. Fed. R. Evid. 803(6).

The government submits the exhibits listed in Attachment A are documents that were generated and maintained in the ordinary course of business and were not created for the purpose of litigation. As such, they qualify for the hearsay exception found in Federal Rule of Evidence 803(6) and are self-authenticating under Federal Rule of Evidence 902(11). Attachment A.

3

The government further submits the exhibits listed in Attachment B will be presented as certified domestic public records of the IRS that will be signed and under seal and thus are self-authenticating and require no extrinsic evidence to prove authenticity, pursuant to Federal Rule of Evidence 902(1).

## Conclusion

For the foregoing reason the government requests the Court provide a preliminary pre-trial ruling on the authenticity and reliability of the above-referenced exhibits. This court should rule these exhibits are admissible, pending a determination of relevance based on witness testimony during trial in this matter.

Date: August 23, 2024

Respectfully submitted,
STUART M. GOLDBERG
Acting Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/Mark McDonald
Mark McDonald (VA72198)
Christopher O'Donnell (MA64394)
Trial Attorneys
600 Church Street
Flint, Michigan 48502-1280
(202) 305-2672
Mark.S.McDonald@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

    Pursuant to E.D. Mich. LR 7.1 and LCrR.12.1, the government certifies that it contacted defense counsel on August 21, 2024, to seek concurrence with the relief sought in this motion and confirms it did not receive a response indicating they concur with all the terms of the relief sought.

    I hereby certify that on August 23, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

    <u>/s/ Mark McDonald</u>
    Mark McDonald
    Trial Attorney