UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                   Case No. 4:22-cr-20188

     v.                        Hon. Matthew F. Leitman

D-1 MICHAEL ANGELO
D-2 HASSAN KAMAL FAYAD
D-3 MIRNA KAMAL FAYAD
D-8 ROSINA ANGELO

     Defendants.

_____

**Government's Amended Disclosure Pursuant to Fed. R. Crim. P. 16(a)(1)(G) Regarding Potential Witness Providing Opinion Testimony**

_____

The United States of America ("the government") hereby files this disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G) regarding potential witness opinion testimony.

It is anticipated that Internal Revenue Service (IRS) Revenue Agent Kelly Williams will testify as a witness in the above-captioned matter of *United States v Michael Angelo, et al.*, 4:20-CR-20188 (E.D. MI) and provide testimony as a summary witness that the court may determine to include, in part, opinion testimony. Should this court determine her testimony consists

of opinion testimony, her likely opinions are included below. N.B., the actual testimony of RA Williams vary slightly in basis and conclusion because her testimony will be based, in part, on the actual testimony and documentary evidence introduced during the jury trial during this matter.

**Opinion No. 1:  Michael Angelo owned and controlled Alleycat Holdings, LLC.**

1.  Alleycat Holdings, LLC (Alleycat) was created as a single member LLC in approximately May of 2015. Michael Angelo 100% owned Alleycat. Alleycat's business income and gross receipts should have been reported on a Schedule C on Defendant Michael Angelo's tax return.

*Bases and Reasons*

-   IRS records (BMFOLE, Gov Ex 41457) list Michael Angelo as the principal owner of Alleycat Holdings, LLC. The BMFOLE also lists the "established date" as May of 2015.

    o   RA Williams will testify that BMFOLE is collated using information provided by a taxpayer.  RA Williams will also testify that the documents provide a basis for determining Alleycat's ownership because the IRS collects and maintains particular information, to include ownership information.

Michael Angelo's name being listed as the sole member of Alleycat is evidence of his ownership of the business.

- Michael Angelo is listed as a signatory on Alleycat's Business Signature Card at Huntington Bank (Gov Ex 10100), signed September 10, 2015. In addition, Michael Angelo's title is listed as "Pres/Owner/CEO" of Alleycat.

  o RA Williams will testify that the documents provide a basis for determining Alleycat's ownership because persons who own companies traditionally have access to the company's bank accounts to deposit and withdraw funds for business operations. A sole signatory on a business signature card, combined with the sole listing of Michael Angelo in the BMFOLE records, plainly supports Michael Angelos's ownership of Alleycat.

- Gov Ex 10100 shows that Michael Angelo is listed as the sole signatory on Alleycat's Business Signature Card at Huntington Bank, signed October 13, 2016. Michael Angelo's title is listed as "Pres/Owner/CEO" of Alleycat.

  o RA Williams will testify that the document provides a basis for determining Alleycat's ownership because persons who own

companies traditionally have access to the company's bank
accounts to deposit and withdraw funds for business
operations. A sole signatory on a business signature card,
combined with the sole listing of Michael in the BMFOLE
records, plainly supports Michael Angelo's ownership of
Alleycat.

- Gov Ex 10100 contains a "Certified Copy of Limited Liability
  Company Resolutions to Open and Maintain a Bank Account or
  Safe Deposit Box" form. Michael Angelo is a signatory on the first
  form in the exhibit (page 3 of 142). Michael Angelo lists his title as
  CFO of Alleycat Holdings. Later in Gov Ex 10100 (page 7 of 142) is
  another "Safe Deposit Box" form. Michael Angelo is the sole
  signatory on the form, and his title is listed as "President" of Alleycat
  Holdings.

  - Revenue Agent Kelly Williams will testify that a person having
    access to a company's bank account or safe deposit box is
    indicative of ownership and control of an entity. Michael
    Angelo listing himself as "CFO" of Alleycat Holdings in the first
    "Safe Deposit Form" is indicative of control over a company's
    financial matters, to include access to the company's bank

account. Michael Angelo listing himself as "President" of Alleycat Holdings is indicative of control over the company.

- A December 6, 2017, email from Ybana Agrelo to Joseph Ruefiel states that "Per our conversation earlier today, attached per Michael are the requested W9s for both Alleycat Holdings LLC and Virgilio Leasing LLC." The email shows that Michael Angelo has control over Alleycat Holdings such that he issues Forms W9.

  o RA Williams will testify that Ybana Agrelo's email corroborates the Gov Exs 41457 (BMFOLE) and 10100 (Huntington Bank documents) as those documents list Michael Angelo as the sole member of Alleycat, and the President, owner, and CEO of Alleycat. Agrelo's email corroborates the information in those exhibits as Agrelo is showing that Michael Angelo, in addition to maintaining control over the company's bank account, also controls who receives certain tax documents from Alleycat. The ability to determine which individuals or entities receive tax documents from Alleycat shows Michael Angelo's control over the company's finances and tax matters.

- Aaron Korson and other witnesses will testify that Michael Angelo owned and operated Alleycat.

- o RA Williams will testify that Korson's testimony provides "on-the-ground" evidence from a person with first-hand knowledge of Alleycat's operations. Further, Korson worked closely with Michael Angelo and Thomas Quartz. Korson will further testify that Michigan Accident Associates, a firm he worked at with Quartz for some periods of 2016 and 2017, made monthly payments to Alleycat for alleged rent payments when, in fact, during this time period of 2016 and some of 2017, Michael Angelo owned both Michigan Accident Associates and Alleycat and simply transferred money from Michigan Accident Associates to Alleycat for use by Michael Angelo.

- Gov Ex 8003 shows five checks from Michigan Accident Associates to Alleycat. The "Memo" line of the checks states the checks are "rent" payments.  The checks have been endorsed and stamped showing that they have been deposited into an account. The checks are drafted for the following amounts:  $2,000 on May 25, 2016; $2,000 on August 4, 2016; $2,000 on August 17, 2016; $2,000 on August 30, 2016; $4,000 on October 7, 2016. Gov Ex 8002 shows four additional checks from Michigan Accident Associates to Alleycat. The "Memo" line of the checks states that the checks are

"rent" payments. The checks have been endorsed and stamped showing that they have been deposited into an account. The checks are drafted for the following amounts:  $2,000 on May 12, 2016; $2,000 on June 20, 2016; $4,000 on July 12, 2016; and $4,000 on October 26, 2016.

- o RA Williams will testify that the relevant payments from Michigan Accident Associates to Alleycat Holdings represent income to Alleycat Holdings as the checks note that the payments are for rent. Proceeds earned from rental payments are income to the party receiving the rental payments, or the lessor. As such, Alleycat Holdings had a duty to include rental payments as income on a 2016 tax return. Michael Angelo, as the "Pres/Owner/CEO" (Gov Ex 10100) of Alleycat was obligated to report such payments on his 2016 Form 1040, Schedule C for Alleycat Holdings.

- Gov Ex 10100, Alleycat's Huntington Bank records from September of 2015 to March of 2018, show sustained activity in the bank account. The existence of activity in the bank account shows Alleycat was an operational business during the years 2015 to 2018 and, therefore, income from Alleycat Holdings should have been

reported on a tax return. Included in the bank records are checks drafted from Alleycat to other business for purchases that appear to be personal in nature.

- o RA Williams will testify that income earned by businesses should be reported on a tax return.

- Alleycat has never filed a tax return and income from Alleycat has never been reported on Michael Angelo's tax returns.

- o RA Williams will testify that Alleycat earned income through checks paid to it by third party businesses (See Gov Ex 8002). For example, Gov Ex 8002 and 8003 show multiple checks being paid to "Alleycat Holdings LLC" from Michigan Accident Associates for "Rent" in the total amount of $24,000 during calendar year 2016. This income should have been reported by Alleycat on a 2016 tax Form.   Michael Angelo, as the owner of Alleycat, had a duty to report the income earned by Alleycat on a tax form. Michael Angelo further had a duty to report Alleycat's income on his personal tax returns.

- 26 C.F.R. § 301.7701-3(b)(ii) provides, in part, a domestic eligible entity is disregarded as an entity separate from its owner if it has a single owner;

8

- 26 C.F.R. § 301.7701-2(c)(2) provides, in part, except "….as otherwise provided in this paragraph (c), a business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner";

- Regarding 26 C.F.R. § 301.7701-3; 26 C.F.R. § 301.7701-2; RA Williams will testify these authorities are relevant to her opinion because they provide guidance on how the IRS should treat a single member LLC that has not filed an election with the IRS to be treated as a corporation. Here, IRS RA Williams will testify that Alleycat was a single member LLC entity with only one owner (Michael Angelo) that is disregarded for tax purposes because it did not elect to be taxed as a corporation. 26 C.F.R. § 301.7701-3(b)(1)(ii); Because the single owner of Alleycat is Michael Angelo, the regulation provides the IRS should treat the entity as a sole proprietorship or Schedule C business. 26 C.F.R. § 301.7701-2(a); 26 C.F.R. 301.7701-3(b);

**Opinion No. 2:  Comprehensive Billing Solutions is owned and controlled by Michael Angelo or another entity under the control of Michael Angelo. Comprehensive Billing Solutions earned income which should have been reported on a tax return. Comprehensive Billing**

**Solutions has never filed a tax return and income earned by Comprehensive Billing Solutions has never been reported on Michael Angelo's tax returns.**

*Bases and Reasons*

- Gov Ex 48034 is an IRS BMFOLE document which lists Alleycat Holdings LLC as its principal owner. The BMFOLE also lists Comprehensive Billing Solutions established date as May of 2015. Gov Ex 41457, a BMFOLE for Alleycat Holdings, lists Michael Angelo as the principal owner of Alleycat Holdings, LLC. The BMFOLE also lists the "established date" as May of 2015, which is the same established date listed for Comprehensive Billing Solutions.

- Gov Ex 10094 contains a "Safe Deposit Box" document for Comprehensive Billing Solutions account at Huntington Bank. On page 4 of the document, Michael Angelo is listed as the owner of Comprehensive Billing Solutions. Further, on page 5 of the document is a Business Signature Card form. Michael Angelo appears to have signed the form and listed his title as "Pres/Owner/CEO" of Comprehensive Billing Solutions.

    o   RA Williams will testify that BMFOLE is collated using information provided by a taxpayer.  RA Williams will further testify these documents are evidence of Michael Angelo's ownership of Comprehensive Billing Solutions. Michael Angelo appears to have signed the documents and listed his tile as the owner of the company showing first-hand evidence of his position within the company.

- Gov Ex 10093 is a business signature card and "Safe Deposit Box" document for Comprehensive Billing Solutions account at Huntington Bank. Michael Angelo is the sole signatory on the Business Signature Card, signed October 20, 2016. His titles are listed as "CFO/Controller/Treasurer/CashMgr." Michael Angelo is also the sole signatory on the "Safe Deposit Box" document, as well, signed October 19, 2016.

    o   RA Williams will testify that the document provides a basis for determining Comprehensive Billing Solutions ownership because persons who own companies traditionally have access to the company's bank accounts so as to deposit and withdraw funds for business operations. The document also

shows Michael Angelo's listed titles and provides a basis to establish that he maintains financial control over the business.

- Aaron Korson will testify that Michael Angelo owned Comprehensive Billing Solutions and maintained control over the company. Korson will further testify that on March 3, 2016, he signed a "Certified Copy of Limited Liability Company Resolutions to Open and Maintain a Bank Account or Safe Deposit Box" for Comprehensive Billing Solutions as the "Member/Manager" when Michael Angelo was actually the owner and operator of the business.

  - o RA Williams will testify that Korson's testimony provides evidence that Michael Angelo owned Comprehensive Billing Solutions as he maintained control over the entities finances and had the power to direct others to provide signatures on financial documents.

- Gov Ex 10094 shows checks being drafted by Comprehensive Billing Solutions to various individuals and companies. The bank records show business activity for Comprehensive Billing Solutions for the years 2015 and 2016. Attached to the records are a number of checks drafted by Comprehensive Billing Solutions to various individuals and companies. The bank records and checks show

business activity which should have been reported on a tax return filed on behalf of Comprehensive Billing Solutions.

- o RA Williams will testify that the bank records show continuous business activity. Comprehensive Billing Solutions' business activity should have been reported on a tax return for the 2015 and 2016 tax years.

- Gov Ex 20403B1 is an exhibit showing checks from Michigan Accident Associates to Aaron Korson. Korson will testify that the checks were paid to him in order to purchase furniture for Comprehensive Billing Solutions. Korson will testify that Michael Angelo controlled Michigan Accident Associates during 2016 and at least some periods of 2017, to include its bank account, and directed the funds within the bank account to be used per his direction, to include purchasing office furniture for Comprehensive Billing Solutions.

- o RA Williams will testify that Korson's testimony shows Michael Angelo maintained agency over Michigan Accident Associates funds during the relevant time period. Therefore, withdrawals from the Michigan Accident Associates bank account per Michael Angelo's direction for expenses other than Michigan

Accident Associates business purposes are income to Comprehensive Billing Solutions. In this instance, Michael Angelo directed funds to be withdrawn from the Michigan Accident Associates bank account and used to pay for furniture for Comprehensive Billing Solutions. Therefore, the money withdrawn from the Michigan Accident Associates account and used to pay for furniture is income to Michael Angelo and should have been reflected as such on his personal tax returns as Comprehensive Billing Solutions is Michael Angelo's disregarded Schedule C business. Further, Michigan Accident Associates claimed a business expense for funds used to purchase the furniture.

- 26 C.F.R. § 301.7701-3(b)(ii) provides, in part, a domestic eligible entity is disregarded as an entity separate from its owner if it has a single owner;

- 26 C.F.R. § 301.7701-2(c)(2) provides, in part, except "….as otherwise provided in this paragraph (c), a business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner";

- Regarding 26 C.F.R. § 301.7701-3; 26 C.F.R. § 301.7701-2; RA
  Williams will testify these authorities are relevant to her opinion
  because they provide guidance on how the IRS should treat a single
  member LLC that has not filed an election with the IRS to be treated
  as a corporation.

**Opinion No. 3: Michael Angelo owned and controlled Virgilio Leasing LLC. Virgilio Leasing LLC earned income which should have been reported on a tax return. As the owner of Virgilio Leasing, Michael Angelo had a duty to report income earned by Virgilio Leasing LLC on a tax return. Michael Angelo, dba Virgilio Leasing LLC, earned taxable income through Virgilio Leasing LLC and failed to report that income on his tax returns.**

1. Virgilio Leasing, LLC was created as a single member LLC on
   approximately June of 2017. Michael Angelo 100% owned Virgilio
   Leasing. Virgilio Leasing's business income and gross receipts
   should have been reported on a Schedule C on Defendant Michael
   Angelo's tax return.

_Bases and Reasons_

- Gov Ex 40802, and IRS BMFOLE document, shows Virgilio Leasing was established in June of 2017. Michael Angelo is listed as the sole member of Virgilio Leasing.

    o RA Williams will testify that the information on a BMFOLE is collated using information provided by a taxpayer. The BMFOLE lists Michael Angelo as the principal owner of Virgilio Leasing showing that Angelo maintains ownership and control over the company.

- Gov Ex 10091 shows Michael Angelo is a signatory on the Virgilio Leasing Business Signature Card for Huntington Bank, signed September 11, 2017.

- Gov Ex 10091 shows Michael Angelo is a signatory on the "Certified Copy of Limited Liability Company Resolutions to Open and Maintain a Bank Account or Safe Deposit Box" form filed with Huntington Bank. Michael Angelo signed the Resolution form on September 11, 2018, the same day he signed the Business Signature Card. On the second form, Michael Angelo listed his title as "Pres."

- Gov Ex 10091 shows Michael Angelo is a signatory on a second Business Signature Card for Huntington Bank (same bank account), signed February 7, 2019. Michael Angelo listed his title as "Pres/Owner/CEO."

- Gov Ex 10091 shows Michael Angelo is a signatory on a second "Certified Copy of Limited Liability Company Resolutions to Open and Maintain a Bank Account or Safe Deposit Box" form filed with Huntington Bank. Michael Angelo signed the Resolution form on February 7, 2019, the same day he signed the second Business Signature Card. On the second form, Michael Angelo listed his title as "Pres/Owner/CEO."

  o RA Williams will testify that these documents are evidence of Michael Angelo's ownership of Virgilio Leasing. Michael Angelo signed the documents and listed his tile as the Owner/President/CEO of the company showing first-hand evidence of his position within the company.

- Attached to the Business Signature Card are bank records for the Virgilio Leasing LLC bank account at Huntington Bank. The records show payments made to Virgilio Leasing LLC in 2017, 2018, and 2019.

○ RA Williams will testify that limited liability businesses' activity should be included on a tax return.Virgilio Leasing is a business that maintained business activity in 2017, 2018, and 2019. Bank records show the business activity through deposits and withdrawals into the account during the relevant years. As such, Virgilio Leasing was required to include its income on an annual income tax return.

• A December 6, 2017, email from Ybana Agrelo to Joseph Ruefiel states that "Per our conversation earlier today, attached per Michael are the requested W9s for both Alleycat Holdings LLC and Virgilio Leasing LLC." The email shows that Michael Angelo had control over Virgilio Leasing such that he directed the issuance of Forms W9. The email also discusses rental payments that are due. The email instructs Mr. Ruefiel that he is to make rent payments to "Virgilio Leasing LLC." The email also contains an addendum to a lease and states that Virgilio Leasing LLC is the new property manager and that all further rent payments should be made to "Virgilio Leasing LLC."

○ RA Williams will testify that the email is evidence supporting the argument that Virgilio Leasing was an active business in

2017 and, therefore, income earned by Virgilio Leasing should have been included on a tax return. Further, the email is evidence of Michael Angelo's control over the company.

- Gov Ex 20403E shows an email sent from Pacific Marketing to Christopher Hite and Thomas Quartz on January 29, 2018, with an attachment indicating past rents due from Michigan Accident Associates to Virgilio Leasing. The total amount of past rents due are $120,000 for 2016 and $60,000 for 2017.

  o RA Williams will testify that the email shows business activity for Virgilio Leasing for the 2016 and 2017 tax years.

- Gov Ex 10105 is an email dated December 9, 2019, Ybana Agrelo to Justin Weinstein instructing Weinstein to wire funds to Virgilio Leasing LLC. Weinstein was paying Pacific Marketing money for advertising and use of a 1-800-PAIN-800 phone number. Weinstein had made a series of payments in the past to Pacific Marketing. However, in December of 2019, Ybana Agrelo instructed Weinstein to make future payments to Virgilio Leasing.

  o RA Williams will testify that the email shows business activity by Virgilio Leasing and potential gross receipts to the company. As such, income from Virgilio Leasing should have

been included on a tax return for the 2019 tax year and

reported funds received by Weinstein as gross receipts.

- 26 C.F.R. § 301.7701-3(b)(ii) provides, in part, a domestic eligible entity is disregarded as an entity separate from its owner if it has a single owner;

- 26 C.F.R. § 301.7701-2(c)(2) provides, in part, except "….as otherwise provided in this paragraph (c), a business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner";

- Regarding 26 C.F.R. § 301.7701-3; 26 C.F.R. § 301.7701-2; RA Williams will testify these authorities are relevant to her opinion because they provide guidance on how the IRS should treat a single member LLC that has not filed an election with the IRS to be treated as a corporation.

**Opinion No. 4:  Michael Angelo owned and controlled James Virgilio Holdings LLC. James Virgilio Holdings LLC earned income which should have been reported on a tax return. As the owner of James Virgilio Holdings LLC, Michael Angelo had a duty to report income earned by James Virgilio Holdings LLC on a tax return. Michael Angelo, dba James Virgilio Holdings LLC, earned taxable income through**

**James Virgilio Holdings LLC and failed to report that income on his tax returns.**

<u>*Bases and Reasons*</u>

- Gov Ex 46208 is an IRS BMFOLE document showing that James Virgilio Holdings was established in September of 2016. The document listed James Virgilio United LC as the principal owner of James Virgilio Holdings. A review of Gov Ex 40636, an IRS BMFOLE for James Virgilio United LC, shows Michael Angelo as the principal owner for that company. Therefore, Michael Angelo is the sole member of James Virgilio Holdings through his ownership of James Virgilio United LC.

  - RA Williams will testify that Michael Angelo's sole ownership of James Virgilio Holdings through James Virgilio United LC shows his ownership and control of James Virgilio Holdings.

- Gov Ex 12003 shows James Virgilio Holdings LLC opened a bank account at Bank of America. On the account's Business Signature Card, Michael Angelo is the sole signatory. Michael Angelo signed the Business Signature Card on June 21, 2017. He listed his title as "President." On an addendum page, Michael Angelo signed the document a second time and, again, listed his title as "President."

- o RA Williams will testify that Michael Angelo's sole signature on the signature card is evidence of his control over James Virgilio Holdings. She will further testify that the listing of his title as "President" is further proof of his control over the company.

- Gov Ex 10088B is an email sent from Ybana Agrelo to Michael Tomko on March 7, 2018, attaching an "Investor Information" Form. On the Form, Michael Angelo is listed as the "Authorized Individual" for James Virgilio Holdings LLC. James Virgilio Holdings LLC's total assets are listed as $15,000,000. Further, the attachment to the email shows Michael Angelo wiring $100,000 on behalf of James Virgilio Holdings LLC. The document further lists James Virgilio Holdings' annual income as $5,000,000.

  - o RA Williams will testify that the email and attachment are further evidence of Michael Angelo's control over James Virgilio Holdings and its finances. The attachment also shows income earned by James Virgilio Holdings which should have been reported on a tax return.

- Attached to an email sent from Pacific Marketing to mfleissner@fortecapitalgroup.com is an "IB Submission Form." On

the Form, Michael Angelo is listed as the owner of James Virgilio Holdings LLC. In a later portion of the attachment (page 12 of 43), is a form entitled "Item BB." On that form, Michael Angelo is listed as the owner of James Virgilio Holdings LLC. on pages 30, 31, 38, and 42 (of 43) Michael Angelo signs the document and listed himself as the owner of James Virgilio Holdings LLC.

- o RA Williams will testify that the email is further evidence of Michael Angelo's ownership and control over James Virgilio Holdings LLC.

- Gov Ex 10095E shows that attached to an email sent from Carl Cirelli to Pacific Marketing, dated July 28, 2020, is an "Affidavit of Loss and Indemnity Agreement." On pages 4 and 6 (of 7), Michael Angelo is listed as the owner of James Virgilio Holdings LLC.

- o RA Williams will testify that this further shows evidence of Michael Angelo's ownership and control over James Virgilio Holdings LLC.

- Attached to an email sent from Rosina Angelo (ra4766@aol.com) to Pacific Marketing are financial forms. In the body of the email, Rosina Angelo explains to Ybana Agrelo that the attached financial

forms came in today for "Michael." The forms are investment forms for James Virgilio Holdings LLC.

- Gov Ex 12001A is an application for a financial account for James Virgilio Holdings LLC. Michael Angelo is listed as the owner of James Virgilio Holdings LLC. On the form, Michael Angelo lists the "Annual Income from all sources" for James Virgilio Holdings LLC as $5,000,000. He further lists the company's estimated net worth at $40,000,000. Included in the attachments is a "Certificate of Formation of James Virgilio Holdings LLC" and a notice of assignment of an Employer Identification Number for James Virgilio Holdings LLC. Michael Angelo is listed as the owner of James Virgilio Holdings LLC multiple times throughout the document.

  - RA Williams will testify that the document is further evidence of Michael Angelo's financial control over James Virgilio Holdings LLC. The document further shows Michael Angelo is aware that James Virgilio Holdings LLC earns gross receipts that should be reported on tax returns.

- Gov Ex 12001C is a financial statement for James Virgilio Holdings LLC's account with Black River Wealth Management. The document shows James Virgilio Holdings LLC purchasing stocks in early 2017.

- o RA Williams will testify that these documents show further evidence of Michael Angelo's financial control over James Virgilio Holdings LLC.

- 26 C.F.R. § 301.7701-3(b)(ii) provides, in part, a domestic eligible entity is disregarded as an entity separate from its owner if it has a single owner;

- 26 C.F.R. § 301.7701-2(c)(2) provides, in part, except "….as otherwise provided in this paragraph (c), a business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner";

- Regarding 26 C.F.R. § 301.7701-3; 26 C.F.R. § 301.7701-2; RA Williams will testify these authorities are relevant to her opinion because they provide guidance on how the IRS should treat a single member LLC that has not filed an election with the IRS to be treated as a corporation.

**Opinion No. 5: Michael Angelo owned and controlled Pacific Marketing and Advertising. Pacific Marketing and Advertising earned income which should have been reported on a tax return. As the owner of Pacific Marketing and Advertising, Michael Angelo had a duty to report income earned by Pacific Marketing and Advertising on a tax return.**

**Michael Angelo, dba Pacific Marketing and Advertising, earned taxable income through Pacific Marketing and Advertising and failed to report that income on his tax returns.**

_Bases and Reasons_

- Ybana Agrelo will testify that Michael Angelo is the owner of Pacific Marketing and Advertising. Ybana Agrelo works at Pacific Marketing and Advertising as an administrative assistant/office manager.

  - RA Williams will testify that Ybana Agrelo's testimony is evidence that Michael Angelo owns Pacific Marketing and Advertising and maintains operational and financial control over the business.

- Gov Ex 10099:  On January 20, 2015, Michael Angelo opened a PNC Bank account on behalf of Pacific Marketing. Michael Angelo is the only signatory on the account registration form.

  - RA Williams will testify that being a sole signatory on a company's bank account is evidence of a person's operational and financial control of a company.

- Gov Ex 10098 shows checks being paid to Pacific Marketing in 2015, 2016, and 2017 by a variety of different individuals and entities. The checks appear to be for services provided by Pacific

Marketing to the individuals and entities as many of the "Memo" portions of the checks list "Advertising," "Media/Phone," and "Marketing." Some checks have written on the memo line "Per Michael." The checks listed in the 260-page exhibit have been endorsed and deposited into Pacific Marketing and advertising account X7774. Gov Ex 10097 are corresponding bank records.

- o RA Williams will testify that the exhibit shows business activity by Pacific Marketing and Advertising and gross receipts being earned by Pacific Marketing and Advertising in 2015, 2016, and 2017.

- Gov Ex 10091B is an email from Ybana Agrelo on behalf of Pacific Marketing and Advertising where she is informing a client of outstanding money owed to Pacific Marketing and Advertising for media services provided. The email is dated May 24, 2017. Attached is an invoice for $10,000.

- Gov Ex 10104 is an email, with an attachment, from a Dr. Sands to Justin Weinstein dated September 16, 2018. The attachment is a contract between Pacific Marketing and Advertising and Weinstein Law for Weinstein Laws use of a 1-800-PAIN-800 phone number. The contract states that Weinstein law will pay Pacific Marketing and

Advertising $750 per month for the use of the phone number. The document is signed by Michael Angelo on behalf of Pacific Marketing and Advertising.

- Gov Ex 10107 shows payments to Pacific Marketing and Advertising for the use of the 1-800-PAIN-800 phone number. These payments are from Justin Weinstein of Weinstein Law. The payments are for 2019 and 2020. In support of this is Gov Ex 10105. This exhibit shows an email from Pacific Marketing and Advertising advising Weinstein that his payments have not been processed and he should send one check for all back payments to "Virgilio Leasing LLC" per Ybana Agrelo's instruction. In another portion of the Exhibit, Ybana Agrelo advises Weinstein to draft his future payments (to include all back payments owed) to "Lincoln International" per Michael Angelo's instructions.

- Gov Exs 10095 and 5002A show payments from Orthopedic PC to Pacific Marketing and Pacific Marketing and Advertising made during 2015 and 2016. The payments to Pacific Marketing and Pacific Marketing and Advertising are in varying amounts of $5,000, $10,000, or $25,000.

- Gov Ex 10002 shows a check from David A. DiBrigida to Pacific Marketing in the amount of $2,400. The check is dated February 15, 2017.

- Gov Ex 10101H shows two checks from Hallandale Open MRI to Pacific Marketing in the amounts of $15,000 and $25,000. The checks are dated June 19, 2014, and July 7, 2014. Both checks have been deposited into a Pacific Marketing Bank account.
  - RA Williams will testify that these checks are income to Pacific Marketing.

- Gov Ex 10101I shows four checks from Michigan Technology Partners to Pacific Marketing in the amounts of $5,000 (June 19, 2014), $1,562.92 (July 31, 2014), $10,000 (August 25, 2014), and $781.46 (August 23, 2014). Deposit slips show the checks were deposited into a Pacific Marketing and Advertising account.
  - RA Williams will testify that the checks are income to Pacific Marketing.

- Gov Ex 8003 shows checks from Michigan Accident Associates to Pacific Marketing. The "Memo" lines of the checks state "Advertising."  The checks are for $2,000 and $4,000, drafted in

2016. The checks have been endorsed and stamped showing that they have been deposited into an account.

- Gov Ex 10101G contains a spreadsheet showing payments made to Pacific Marketing from Michigan Technology Partners in 2014.

- PNC Bank statements for the Pacific Marketing account (X7774) show checks from clients being deposited into the Pacific Marketing account from 2015 to 2019.

- Wells Fargo bank statements for the Pacific Marketing account (x8420) show checks from clients being deposited in the Pacific Marketing account from 2014 to 2015.

- Gov Ex 10104H contains a contract between Weinstein Legal, a Florida-based law firm, and Pacific Marketing and Advertising. The contract details that Weinstein Law will receive advertising services from Pacific Marketing and Advertising, to include use of a 1-800-PAIN-800 phone number and pay Pacific Marketing and Advertising $750 per month for the services. The government anticipates witness Justin Weinstein will state that the $750 monthly payments to Pacific Marketing and Advertising were payment for services.

  o RA Williams will testify that Mr. Weinstein's testimony shows anticipated income earned by Pacific Marketing and

Advertising. Further, Michael Angelo's signature on the form is indicative of his operational and financial control of the company.

- Gov Ex 10105 is an email exchange between Justin Weinstein and Ybana Agrelo. Agrelo initially explains to Weinstein that the checks he had paid to Pacific Marketing had not been cashed. Agrelo then tells Weinstein to make payments for Pacific Marketing and Advertising's services to Lincoln International LLC, per Michael. Agrelo, in a later email, advises Weinstein to make payments to Virgilio Leasing LLC. The government anticipates Justin Weinstein will testify to these facts at trial.

  - RA Williams will testify that Weinstein's anticipated testimony shows Michael Angelo's operational and financial control over Pacific Marketing. RA Williams will also testify that payments from Weinstein to Virgilio Leasing are income to Pacific Marketing and Advertising.

- Gov Ex 10107 shows a series of payments from Weinstein Legal to Pacific Marketing and Advertising in 2019 and 2020. The government anticipates witness Justin Weinstein will testify that

these are payments for advertising services from Pacific Marketing and Advertising.

- o RA Williams will testify that the payments represent income to Pacific Marketing and Advertising.

- Gov Ex 10101H are payments from Hallandale Open MRI to Pacific Marketing in 2014. The government anticipates a witness will testify that these checks represent payment for services provided by Pacific Marketing.

- o RA Williams will testify that these checks represent income to Pacific Marketing.

- Gov Ex 10101I are payments from Michigan Technology Partners to Pacific Marketing in 2014. The government anticipates a witness will testify that these payments are for services provided by Pacific Marketing.

- o RA Williams will testify that these payments represent income to Pacific Marketing.

- Gov Ex 20501 is a business account application filed by Michael Angelo and Rosina Angelo at Wells Fargo Bank. On the document, Michael Angelo listed himself as the owner of Pacific Marketing and Advertising.

- o RA Williams will testify that the document is further evidence of Michael Angelo's ownership of Pacific Marketing and Advertising.

- Gov Ex 20501A includes Pacific Marketing and Advertising bank records from December of 2013 to August of 2014. The bank records show banking activity by Pacific Marketing and Advertising, to include checks drafted to Pacific Marketing and Advertising and checks drafted from Pacific Marketing and Advertising.

  - o RA Williams will testify, based on anticipated witness testimony, that these bank records are evidence of Michael Angelo's operational and financial control over Pacific Marketing.

- Gov Ex 20502 Gov Ex 20501 is a business account application filed by Michael Angelo and Rosina Angelo at Wells Fargo Bank. On the document, Michael Angelo listed himself as the owner of Pacific Marketing and Advertising and Rosina Angelo listed herself as an "OPER," which the government assumes means "operator."

  - o RA Williams will testify, based on anticipated witness testimony, that the checks made payable to Pacific Marketing

and Pacific Marketing and Advertising are income to the
company.

- Gov Ex 20502A includes Pacific Marketing and Advertising bank
records. The bank records show banking activity by Pacific
Marketing and Advertising, to include checks drafted to Pacific
Marketing and Advertising and checks drafted from Pacific
Marketing and Advertising.

  - RA Williams will testify, based on anticipated witness
testimony, that the checks made payable to Pacific Marketing
and Pacific Marketing and Advertising are income to the
company.

- 26 C.F.R. § 301.7701-3(b)(ii) provides, in part, a domestic eligible
entity is disregarded as an entity separate from its owner if it has a
single owner;

- 26 C.F.R. § 301.7701-2(c)(2) provides, in part, except "….as
otherwise provided in this paragraph (c), a business entity that has a
single owner and is not a corporation under paragraph (b) of this
section is disregarded as an entity separate from its owner";

- Regarding 26 C.F.R. § 301.7701-3; 26 C.F.R. § 301.7701-2; RA
Williams will testify these authorities are relevant to her opinion

because they provide guidance on how the IRS should treat a single

member LLC that has not filed an election with the IRS to be treated

as a corporation.

**Opinion No. 6:  Michael Angelo and Thomas Quartz controlled Michigan Accident Associates, PLLC, jointly during 2016 and at least some period of 2017. Michigan Accident Associates, PLLC earned income which was reported on a tax return. As an owner of Michigan Accident Associates, PLLC, during 2016 and some period of 2017, Michael Angelo had a duty to report income earned by Michigan Accident Associates, PLLC on a tax return. Michael Angelo, dba Michigan Accident Associates, PLLC, earned taxable income through Michigan Accident Associates, PLLC and failed to report that income on his tax returns for the relevant time period.**

<u>*Bases and Reasons*</u>

- Gov Ex 48698 is an IRS BMFOLE document showing Michigan

    Accident Associates was established in April of 2016. Thomas

    Quartz is listed as the principal owner of Michigan Accident

    Associates. Aaron Korson will testify that Michael Angelo directed

    Thomas Quartz to serve as the sole member of the law firm while

Michael Angelo maintained operational and financial control over the firm.

- o RA Williams will testify that Aaron Korson's testimony provides evidence that Michael Angelo did maintain operational and financial control over the firm. Corroborating evidence shows that Michael Angelo did control funds that came into and out of the Michigan Accident Associates bank accounts.

- Gov Ex 10089X is an exhibit containing an email where Michael Angelo is directing Michigan Accident Associates to send money to Virgilio Leasing for rent. The rental payments for 2016 show payments owed of $10,000 per month and a yearly total of $120,000. However, Michigan Accident Associates was formed in April of 2016, according to Michigan Accident Associates' 2016 Form 1120S.

- o RA Williams will testify that the email shows Michael Angelo's operational and financial control over Michigan Accident Associates and/or Virgilio Leasing.

- Gov Ex 20403A includes checks drafted from Greater Lakes Ambulatory Surgical Center to Michigan Accident Associates in 2016. Gov Ex 42998 is an IRS BMFOLE for Greater Lakes which

shows Michael Angelo as the sole member of the company. Greater Lakes Ambulatory Surgical Center's Forms 1120-S for at least 2013 to 2015 list Michael Angelo as an owner of the business on Form K-1, and Michael Angelo includes flow-through income resulting from an ownership interest in Greater Lakes Ambulatory Surgical Center on his Form 1040, Schedule E, for tax years 2012 to 2015. Gov Ex 10090 is a Business Signature Card for Greater Lakes account at Huntington Bank. Michael Angelo is the sole signatory on the account and listed his title as "Pres/Owner/CEO" of Greater Lakes. The checks drafted to Michigan accident associates, a law firm that witness Aaron Korson will testify is actually owned and controlled by Michael Angelo, are payments to fund the law firm.

- o RA Williams will testify that the checks from Greater Lakes to Michigan Accident Associates represent distributions to Michael Angelo as he is using Greater Lakes funds for a non-business purpose per his direction. As Michael Angelo did not file a Form 1040 for 2016, potential income resulting from these distributions was not reported.

- Gov Exs 20403B, 20403C, and 20403D are Michigan Accident Associate general ledgers for the 2016, 2017, and 2018 years. The

general ledgers show the checks from Greater Lakes deposited into

the Michigan Accident Associates bank account. For example, the

first two checks in Gov Ex 20403A are for $30,000 and $16,000,

drafted on April 19, 2016 and April 28, 2016, respectively. Gov Ex

20403B shows a deposit into the Michigan Accident Associates

account in the amount of $46,000 on April 30, 2016, representing

the two checks.

## CONCLUSION

Revenue Agent Kelly Williams opinion testimony at trial will be based on the

above facts and testimony and rely on the law cited.

Date: August 26, 2024                    Respectfully submitted,


STUART M. GOLDBERG
*Acting Deputy Assistant*
*Attorney General*
U.S. Department of Justice, Tax
Division


/s/Chris O'Donnell
Christopher P. O'Donnell (MA643949)
Mark McDonald (VA72198)
Trial Attorneys
600 Church Street
Flint, Michigan 48502-1280
(202) 305-2672

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 26, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the ECF system. The ECF system will automatically serve counsel of record.

       /s/Mark McDonald
       Mark McDonald
       Trial Attorney